SHOUP BUSES, INC. *v.* PUBLIC SERVICE COMMISSION OF INDIANA, HAMMOND YELLOW AND CHECKER CAB, INC. D/B/A AIRPORT LIMOUSINE, SOUTHEASTERN TRAILWAYS, INC., CHICAGO-CALUMET DISTRICT TRANSIT LINES, INC., GREYHOUND LINES, INC., GARY TRANSIT, INC. AND GARY INTERCITY LINES, INC.

[No. 2-975A232. Filed March 8, 1977.]

*John E. Hughes, Clifford, Hoeppner, Houran, Wagner & Evans,* of Valparaiso, for appellant.

*Donald W. Smith,* of Indianapolis, for appellee.

WHITE, J.—The Public Service Commission (Commission) approved the application of the appellee Hammond Yellow and Checker Cab, Inc. (Checker) for a certificate of public convenience and necessity to operate an intrastate charter bus service despite the protest filed by the appellant Shoup Buses, Inc. (Shoup). Shoup argues that the evidence is insufficient to sustain the Commission's decision, that tendered evidence pertaining to the service provided by already certified common carriers was erroneously excluded, and that supporting testimony from an unlicensed travel broker was improperly admitted.

Holding that evidence was improperly excluded, we reverse. Checker's original application sought authority to transport

"[p]assengers and their baggage in round trip special and charter operations beginning and ending at Points in Lake, LaPorte and Porter Counties, Indiana and extending to points in Indiana."

This application elicited notices of intention to protest from Greyhound Lines, Inc., Southeastern Trailways, Inc., Indiana Motor Bus Company, Chicago-Calumet District Transit Lines, Inc., Gary Transit, Inc., Gary Intercity Lines, Inc., and the appellant Shoup. Checker thereupon amended its application to seek authorization merely to transport:

"[p]assengers and their baggage in round trip special and charter operations beginning and ending at Hammond, Indiana and extending to points in Indiana."

All protestants save Shoup then withdrew their notices to protest the application.

At the hearing on Checker's application Shoup called as witnesses representatives of those certificate holders who had withdrawn their notice of intention to protest and attempted to present extensive evidence of their existing services. Checker objected on the grounds that said companies were not parties to the action, and much of the tendered evidence was excluded on that basis.

To justify the Commission's action, Checker quotes a rule of the federal Interstate Commerce Commission (Title 49, C.F.R. 1100.247[d][8]) prohibiting a non-protestant carrier from appearing as a witness for a protestant, and cites federal cases explaining and supporting that rule. But that federal practice, whether good or bad, is not applicable to the Commission, which operates under a statute that specifically provides that "any person interested in such proceedings may appear in person or by attorney and offer evidence in support of or in opposition to the application and with or without the filing of formal pleadings." (Ind. Ann. Stat. § 8-2-7-15[a], Burns Code Ed., 1973).

Checker also argues that some of the proffered evidence relating to other carriers was admitted, and therefore concludes that the Commission did consider the services provided by said carriers. However, Checker has neither contended nor shown that the evidence refused was repetitive or cumulative, or that if admitted it would have had no effect on the Commission's decision.

A second error alleged by Shoup could arise during a rehearing on Checker's application. One of the major witnesses appearing in support of that application was a travel broker who was not licensed by the Commission as required by Ind. Ann. Stat. § 8-2-7-28 (Burns Code Ed., 1973). Shoup objected to her entire testimony on that basis, and herein contends that her testimony should have been stricken. Yet Shoup advances no authority for the proposition that she is not a competent witness, nor does Shoup demonstrate how her lack of license might affect her knowledge of the local need for charter bus service. It was not error to permit her to testify.

The decision of the Public Service Commission is set aside and this cause is remanded to that Commission for rehearing.

Sullivan, J., concurs; Robertson, C.J., participating by designation, concurs.

NOTE.—Reported at 360 N.E.2d 613.