SHOUP BUSES, INC. *v.* PUBLIC SERVICE COMMISSION OF INDIANA, APPELLEE: HAMMOND YELLOW & CHECKER CAB, INC., D/B/A AIRPORT LIMOUSINE SERVICE, APPLICANT-APPELLEE; SOUTHEASTERN TRAILWAYS, INC., INDIANA MOTOR BUS COMPANY, CHICAGO-CALUMET DISTRICT TRANSIT LINES, INC., GREYHOUND LINES, INC., GARY TRANSIT, INC., AND GARY INTERCITY LINES, INC., PROTESTANTS BELOW

[No. 2-378A74. Filed September 12, 1978. Rehearing denied October 17, 1978.]

*John E. Hughes, Hoeppner, Wagner & Evans*, of Lowell, for appellant.

*Donald W. Smith,* of Indianapolis, for applicant-appellee Hammond Yellow & Checker Cab, Inc.

## STATEMENT OF THE CASE

LOWDERMILK, J. — Appellant Shoup Buses, Inc. (Shoup), one of several protestants, brings this appeal after the Public Service Commission (the Commission) granted to applicant-appellee Hammond Yellow & Checker Cab, Inc. (Checker) a certificate of public convenience and necessity to operate an intrastate charter bus service.

## FACTS

In *Shoup Buses, Inc. v. Public Service Commission* (1977), 172 Ind.App. 431, 360 N.E.2d 613, the Court of Appeals, Second District, set aside the order of the Commission granting Checker's application for a certificate of public convenience and necessity, and remanded the cause to the Commission for rehearing. At the rehearing, Checker introduced into evidence the record from the first hearing (held August 22, 1974). Shoup introduced no evidence. The Commission entered its order granting Checker's application on February 8, 1978.

## ISSUE

The following issue is decisive of this appeal:  Is the Commission's order dated February 8, 1978, contrary to law?

## DISCUSSION AND DECISION

In its assignment of errors, Shoup alleged, *inter alia,* that the Commission erred when it failed to conduct a rehearing as mandated by the Court of Appeals, and that the Commission's order was contrary to law. An assignment of errors alleging that an order of the Commission is contrary to law presents both the question of the sufficiency of the facts found to sustain the order, and the question of the sufficiency of the evidence to sustain the findings of fact. IC 1971, 8-1-3-1 (Burns Code Ed.).

In its opinion filed March 8, 1977, the Court of Appeals, Second District, ruled that evidence had been improperly excluded at the first hearing. After holding that such erroneous exclusion of evidence required the Court of Appeals to set aside the Commission's decision, Judge White wrote:  "A second error alleged by Shoup could arise dur-

ing a rehearing on Checker's application."[1] He then proceeded to hold that testimony from a travel broker had been properly admitted. Judge White concluded his opinion as follows:

"The decision of the Public Service Commission is set aside and this cause is remanded to that Commission for rehearing."[2]

When the rehearing was held on August 30, 1977, Checker introduced into evidence the record from the first hearing and rested. Shoup introduced no evidence. The Commission's findings, therefore, are based upon and refer to evidence presented in 1974. Shoup contends that the Commission failed to comply with the instructions on remand. Shoup also insists that the findings of fact do not support the order dated February 8, 1978. After carefully considering the applicable statutes, the arguments presented, and the authorities cited, we must agree with Shoup's contentions.

In *NLRB v. Donnelly Garment Co.* (1947), 330 U.S. 219, 67 S.Ct. 756, 761, 91 L.Ed. 854, the Supreme Court of the United States held that the Circuit Court of Appeals for the Eighth District erred in holding that the NLRB failed to follow the Circuit Court's instructions on remand. We quote from the opinion written by Justice Frankfurter:

"... As we had occasion to point out in the Pottsville case, [*Federal Communications Commission v. Pottsville Broadcasting Co.* (1940), 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656] there are significant differences between the relations of an appellate court to a lower court and those of a court to a law-enforcing agency, like the Board, whose order is subject only to restricted judicial review. These differences may be particularly telling upon remand of an order to the agency. . . .

\* \* \*

In the context of the opinion remanding the Board's original order and of the nature of the administrative process with which it is entrusted, the Board was justified in not deeming itself under duty to grant a 'new trial' in the sense in which a lower court must start anew when an upper court directs such a new trial. There was no

---

1.　360 N.E.2d 613, 614.

2.　360 N.E.2d 613, 614.

reference to a 'new trial', nor was any intimation given that such was the breadth of what the remand required. From the Court's opinion there appears only a very restricted dissatisfaction with the original proceedings before the Board, calling for a correspondingly restricted correction. 'The least that the Board can do', wrote the court, 'is * * * to accord to the petitioners an opportunity to introduce all of the competent and material evidence which was rejected by the Trial Examiner; and to receive and consider such evidence together with all other competent and material evidence in the record before making new findings and a new order.' 123 F.2d at page 225. 'The least that the Board can do' may well imply that the Board is authorized to draw on the wide scope of its statutory discretion. But to advise the Board of 'the least that [it] can do' does not put the Board in default for not doing more. Due process does not afford a party the right to treat as a rehearsal a hearing on the issues for which the hearing was adequate. And the Wagner Act does not require that ground be covered a second time or piecemeal.

* * *"

(Our insertion)

In *Donnelly, supra*, the Supreme Court of the United States looked primarily at two factors: (1) the opinion remanding the case to the administrative agency, and (2) the nature of the administrative proceeding involved. We now consider those two factors in the case at bar.

First of all, Judge White did not instruct the Commission to receive the excluded evidence and consider it along with the record from the earlier hearing, as did the Circuit Court of Appeals in *Donnelly, supra*. Instead, Judge White ordered a rehearing. Judge White specifically addressed the issue of whether the travel broker's testimony could properly be admitted. His statements regarding that issue reveal expectations that the travel broker might be called to testify at the rehearing. In its opinion on remand, the Court of Appeals, Second District, did not infer that the Commission was to conduct only a limited rehearing; it simply ordered a rehearing.

The Supreme Court of the United States also considered the nature of the administrative proceeding which was involved.

The Commission possesses statutory authority to issue a certificate of public convenience and necessity after holding a public hearing and

considering the service rendered by other common carriers operating in the territory of the proposed operations of the applicant. IC 1971, 8-2-7-13 (Burns Code Ed.).

IC 1971, 8-2-7-15(d) (Burns Code Ed.) sets forth certain considerations intended to guide the Commission in reaching its decision:

"(d)   In determining whether a certificate shall be granted, the commission may, among other things, consider the following:

1.   The financial ability of the applicant to furnish adequate service.

2.   Whether existing transportation service is adequate.

3.   The effect upon existing transportation, and, particularly, whether the granting of such application will or may seriously impair such existing service.

4.   The volume of existing traffic over the route proposed by the applicant.

5.   The effect and burden upon the highways and the bridges thereon, and the use thereof by the public.

6.   Whether the operations will threaten the safety of the public or be detrimental to the public welfare. . . ."

In *Donnelly, supra*, the NLRB was ruling as to whether or not *past* actions by Donnelly had amounted to unfair labor practices. In the case at bar, the Commission needed to consider the current status of those matters set forth in IC 1971, 8-2-7-15(d), *supra*, and to project how the granting of Checker's application would improve or otherwise alter the status of those matters.[3] The Commission had authority to grant the application only if current conditions supported the granting of the application.[4]

---

3.   For example, an applicant which was financially stable in 1974 may or may not be financially stable three years later. Although an applicant had suitable vehicles in 1974, it may or may not have suitable vehicles three years later. Likewise, the demand for the transportation may have decreased during the period of delay.

4.   The Court of Appeals has jurisdiction to affirm or set aside a decision, ruling, or order of the Commission and to remand the proceeding to the Commission with instructions. IC 1971, 8-1-3-7 (Burns Code Ed.). If the Court of Appeals orders the Commission to take additional evidence because issues of confiscation or of constitutional right

We do not hold that the Commission erred in admitting the record of the past hearing. We do hold, however, that the Examiner shifted the burden of proof and thereby erred. The Examiner made the following statement to protestant Shoup:

> "I will stand on my ruling and incorporate that evidence by reference and you can call whomever you wish as a witness. If you wish to call the applicant as a witness you may do so. If you feel certain circumstances have changed, you certainly have a right to prove that."

IC 1971, 8-2-7-15(b) (Burns Code Ed.), however, imposes the burden of proof upon the applicant:

> "(b)   The applicant shall, *at all times*, have the burden of proving, by a preponderance of the evidence, except as hereinbefore provided, that public convenience and necessity requires the proposed operation, and that the proposed operation will not unreasonably impair the existing public service of any authorized common carrier, or common carriers by motor vehicle, or by railroad, steam or electric, *then* adequately serving the same territory." (Our emphasis)

We emphasize two facts which we deem to be of particular importance:   (1) The rehearing was ordered by the Court of Appeals; we are not dealing with a rehearing granted by the Commission pursuant to IC 1971, 8-2-7-6 (Burns Code Ed.). (2) More than three years had passed between the time of the first hearing and the rehearing.

We hold that the Commission failed to comply with the order of the Court of Appeals remanding the cause for rehearing. We further hold

---

are involved, the Commission must make every effort to base any amended decision or order on current information. In particular, IC 1971, 8-1-3-7, *supra*, provides in the second paragraph:

> "Whenever the court shall order additional evidence to be taken the commission shall promptly hear and report such evidence to the court so that the proof may be brought as nearly as reasonably possible down to the date of its report thereof to the court. The commission may, after hearing such evidence, modify its findings as to facts and its original decision, ruling or order, and it shall file with the court such amended decision or orders and such modified or new findings."

We set forth this provision solely as an example of a statutory provision which recognizes the need for the Commission's decisions, rulings, and orders to be based upon current information.

that the findings of fact do not support the Commission's order dated February 8, 1978. The order, therefore, is contrary to law.

The decision of the Commission is set aside. This cause is remanded to the Public Service Commission for further proceedings not inconsistent with this opinion.

Lybrook, P.J. and Young, J. (Participating by designation) concur.

NOTE—Reported at 380 N.E.2d 104.