UNITED TELEPHONE COMPANY OF INDIANA, INC., Appellant (Petitioner Below)

v.

PUBLIC SERVICE COMMISSION of Indiana, Appellee,

Larry J. Wallace, William B. Powers, and James M. Plaskett as members of the Public Service Commission of Indiana, Appellee,

Frank J. Biddinger, Public Counselor of the State of Indiana, Appellee.

No. 2-1076A383.

Court of Appeals of Indiana, First District.

April 15, 1980.

Claude M. Warren, Claude M. Warren, Jr., Warren, Snider & Warren, Indianapolis, for appellant.

John J. Metts, Norman T. Funk and Jan E. Helbert, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

United Telephone Company of Indiana, Inc., (United) petitioned the Public Service Commission of Indiana (PSC) for a rate increase, a hearing to determine the fair value of its property, and a determination of a fair rate of return on that property. The PSC conducted hearings and entered an order in July, 1976, and a subsequent corrective order in September, 1976, which fixed a fair rate of return at 6.95%.

Because we reverse and remand it is necessary for us to consider but one of the several issues raised by United in its appeal from the PSC's orders. That issue relates to United's federal income tax expenses.

The relevant facts are as follows: United is an Indiana telephone company which is a wholly owned subsidiary of United Telecommunications, Inc. (UTI). UTI has twenty-three other operating subsidiaries and two subsidiaries which provide equipment and services to the operating telephone companies. United participated in a consolidated federal income tax return with its sister subsidiaries and UTI. United, however, calculated its tax liability at the statutory rate of 48%, as if it was filing a separate return, and transferred the resulting amount to its parent. UTI did not actually pay the statutory amount when it filed the consolidated return. Therefore, the PSC refused to allow the amount calculated at the statutory rate as an operating expense. Instead, the PSC attempted to determine United's tax savings resulting from the consolidated return.

The PSC utilized a method whereby it examined the consolidated return and determined that UTI claimed federal income tax deductions for its outstanding debt capital. Reasoning that as a wholly owned subsidiary United benefited from some portion of UTI's debt, the PSC sought to determine what portion of the debt benefited United and what portion of the interest deduction claimed on the debt benefited United. The PSC determined the debt ratio of UTI to be 31.54%. The PSC then determined the common equity capital of

United, $63,301,730, and multiplied this figure by UTI's debt ratio, which yielded a figure for the portion of United's equity represented by the parent's debt: an amount of $19,965,366. Next, the PSC averaged the interest on the parent's debt finding an average interest rate of 7.21%. Applying the average interest rate of 7.21% to United's equity represented by the parent's debt, $19,965,366, the PSC found that of the interest deducted by UTI, an amount of $1,439,503 was applicable to United. After other adjustments for interest income, the PSC found that $1,109,749 of the interest deduction applicable to United involved operations within Indiana. The PSC then applied the statutory tax rate of 48% to this amount and found a tax savings of $532,680 to United. The PSC deducted this amount from United's claimed tax expenses.

United asserts that the PSC erred in its determination of United's federal income tax liability, which is considered as an operating expense for rate making purposes. United argues that the PSC was required to allow, as an operating expense, an amount based upon the computation of United's federal income taxes at the then applicable statutory tax rate for corporations of 48%. United further argues that the PSC's actions, in disallowing the federal income taxes computed at the statutory rate and considering the tax savings accruing to United as a result of the consolidated return, were arbitrary and capricious. United also contends that the PSC's actions denied United due process of law and equal protection of laws because other utilities, similarly situated, were allowed to compute their federal income tax expenses at statutory rates and claim the amount as an expense.

■ We note that when reviewing a rate making decision by the PSC, this court exercises a limited role. We have no power to substitute our judgment for that of the PSC. So long as there is substantial evidence in the record to support the PSC's decision, it must be upheld. *Boone County REMC v. Public Service Commission*, (1959) 239 Ind. 525, 159 N.E.2d 121; *City of Muncie v. Public Service Commission*, (1978) Ind. App., 378 N.E.2d 896.

■ United relies on *Public Service Commission v. Indiana Bell Telephone Company*, (1955) 235 Ind. 1, 130 N.E.2d 467, to support its view that the PSC must allow a subsidiary utility to compute its tax expense at the statutory tax rate, even if the utility participates in a consolidated return with its parent corporation. This reliance is misplaced because in the *Indiana Bell* case, the PSC attempted to attribute *hypothetical* tax savings to the utility. The Indiana Supreme Court held such a procedure to be arbitrary and directed the PSC to consider only the *actual* taxes which the utility paid for its intrastate operations.

Two cases, which have been decided while United's appeal has been pending, further clarify the issue and undermine United's position. In *Citizens Energy Coalition v. Indiana & Michigan Electric Company*, (1979) Ind.App., 396 N.E.2d 441 and *City of Muncie v. Public Service Commission*, (1978) Ind.App., 378 N.E.2d 896, cases closely analogous to the case at bar, this court held that it was arbitrary and contrary to law for the PSC to allow subsidiary utilities to claim as operating expenses federal income taxes computed at the statutory tax rate, as if they were independent corporate taxpayers, when in fact the subsidiary utilities did not actually pay the amounts in question as the result of participating in consolidated tax returns with their parent corporations.

The court in *City of Muncie*, stated that,

Contrary to the arguments of Petitioner, we feel that the *Indiana Bell* case requires the Commission to make some determination of the actual tax liability of Petitioner, rather than use a hypothetical figure. Just as the Commission in *Indiana Bell* could not arbitrarily disallow taxes actually paid under a capital structure which did not exist, in this case the Commission cannot arbitrarily allow a tax expense computed on the basis of a separate tax return when such a return was not actually filed. This does not mean that the expenses and revenues of affiliated companies must be attributed to Petitioner for rate-making purposes.

Rather, it means that some determination must be made as to the tax savings accruing *to Petitioner* as a result of its participation in the filing of a consolidated federal income tax return. In this manner, a more accurate computation of Petitioner's actual federal income tax liability can be made.

378 N.E.2d at 898.

The court in *Citizens Energy Coalition v. Indiana & Michigan Electric Company, supra*, followed this reasoning stating:

> It is our opinion that the Commission cannot arbitrarily allow a tax expense computed on the basis of a separate federal income tax return when such return was not actually filed. . . . some "reasonable," "just" determination must be made as to the tax savings accruing to Petitioner as a result of its participation in the filing of a consolidated federal income tax return. Thereby, a more accurate computation of Petitioner's actual federal income tax liability can be made.

396 N.E.2d at 447.

In light of the guidance provided by these cases and the uncontroverted evidence that United did not file a separate federal income tax return or pay taxes assessed at the statutory rate of 48%, but instead participated in a consolidated return with its parent, UTI, which resulted in savings to United, we find that the PSC acted correctly in so far as it refused to allow United to claim tax expenses based upon pro forma federal income tax liability calculated at the statutory rate.

■■■■ We do, however, perceive a flaw in the PSC's proceedings because neither the PSC's findings nor the record indicate what the actual, effective tax rate applicable to United was. Our reading of *Public Service Commission v. Indiana Bell Telephone, supra*; *Citizens Energy Coalition v.*

*Indiana & Michigan Electric Company, supra*; and *City of Muncie v. Public Service Commission, supra*, leads us to the conclusion that the PSC must make some determination of the actual, effective tax rate for a utility. Absent such a determination we are unable to judge whether the PSC acted properly in disallowing $532,680 of United's claimed tax expense and whether the ordered rate of return, 6.95%, is a fair rate of return. This conclusion coincides with the principle that the PSC's orders must be based upon substantial evidence in the record and be specific enough to enable this court to intelligently review the PSC's decision. *Public Service Commission v. Indiana Bell Telephone Company, supra.*

■■■■ We do note, however, that the determination of a utility's actual tax rate, and the method used to determine the actual tax rate, are matters properly left to the PSC's expertise. *City of Muncie v. Public Service Commission, supra*; *Citizens Energy Coalition v. Indiana and Michigan Electric Company, supra.* Therefore, we remand this case to the PSC pursuant to *Ind. Code 8–1–3–7, see also Shoup Buses, Inc. v. Public Service Commission*, (1978) Ind.App., 380 N.E.2d 104, for a determination of the actual federal income tax rate applicable to United for the test year in question.

This case is remanded to the Public Service Commission for further action consistent with this opinion.

NEAL and RATLIFF, JJ., concur.