**Raylon D. YOUNG, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–0012–CR–806.

Supreme Court of Indiana.

Jan. 18, 2002.

---

Kurt A. Young, Nashville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

A jury found Raylon D. Young guilty of murder, and the trial court sentenced him to sixty-five years in prison. In this direct appeal, Young argues that the evidence supports only reckless homicide, not murder. We affirm.

## Facts and Procedural History

On the night of November 19, 1995, Korey Roney went to Tajuan Johnson's home in Indianapolis, where Johnson and seven other people had gathered. Roney wrestled playfully with Marvin Graves in the front yard while the others watched. As Roney and Graves wrestled, Raylon Young's blue Oldsmobile Ninety–Eight pulled up to the house. Young, who was in the passenger seat, said, "what's up now," and lobbed the group with various well-known racial and sexual epithets. (R. at 236, 244–45, 316.) Young then pointed a gun at the crowd and fired at least two shots; one of these fatally struck Roney in the head.

After Young fired the shots, the car continued down the street, turned around, and came back towards the group. As the car passed the house a second time, Young fired several more shots while leaning out the passenger window and shooting across the hood of the car.

Young's lawyer conceded during closing argument that Young killed Roney. He also conceded that Young's behavior was reckless. Thus, the only serious dispute was whether Young acted knowingly, or merely recklessly.

## Sufficiency of the Evidence

When reviewing sufficiency claims, we neither reweigh the evidence nor assess the credibility of witnesses. *Thornton v. State*, 712 N.E.2d 960 (Ind.1999). We affirm the conviction if the probative evidence, viewed in the light most favorable to the jury's verdict, and reasonable inferences drawn therefrom could have led a jury to find the defendant guilty beyond a reasonable doubt. *Id.*

To convict for murder, the State must prove beyond a reasonable doubt that the defendant knowingly or intentionally killed

another human being.[1]  Ind.Code Ann. § 35–42–1–1(1) (West 1998).  "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."  Ind. Code Ann. § 35–41–2–2(b) (West 1998). One "engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct."  *Id.* at § 35–41–2–2(c).

  Thus, to sustain the verdict, the evidence must show that Young was aware of a high probability that someone's death would result from his actions.  Because knowledge is the mental state of the actor, the trier of fact must resort to reasonable inferences of its existence.  *Jernigan v. State,* 612 N.E.2d 609 (Ind.Ct.App.1993).

A knowing killing may be inferred from the use of a deadly weapon in a way likely to cause death.  *Barker v. State,* 695 N.E.2d 925 (Ind.1998).  Young's firing of multiple shots at a group of people gathered on a front lawn, killing Korey Roney, was adequate evidence to permit a jury to conclude that Young used a deadly weapon in a manner likely to cause death or serious injury.

Moreover, intent may be inferred from the severity, duration, or brutality of the attack.  *Mitchell v. State,* 726 N.E.2d 1228 (Ind.2000).  Several witnesses saw Young point a gun at the group and fire multiple shots.  After driving away, Young returned and fired several more shots at the group.  The nature and duration of the attack also sustain the jury's conclusion that Young was aware of a high probability that his actions would result in someone's death.

1.  The information alleged only that Young "knowingly" killed.  (R. at 40.)

## Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.