**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MACK A. JAKE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-CR-409 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John Chavis, Judge
Cause No. 49F15-1311-FD-75727

**December 19, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Mack Jake appeals his conviction for Class D felony battery on a law enforcement officer. We affirm.

**Issue**

Jake raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

**Facts**

On November 23, 2013, David Truex was working as a paramedic on the east side of Indianapolis. Truex and his partner, Paul Hess, received a dispatch regarding a man on the side of the road having a seizure. They discovered Jake and helped him into the ambulance. Jake appeared to be disoriented, but he was eventually able to "communicate a little bit." Tr. p. 15. While they were transporting Jake to the hospital, Jake suddenly "gave [Truex] a stare" and started "cussing" and "flailing his arms." Id. at 16. Hess stopped the ambulance and called for police assistance. Jake was "swinging" and trying to hit Hess and Truex. Id. at 18. Officer Michael Price with the Indianapolis Metropolitan Police Department arrived on the scene and assisted Hess and Truex with restraining Jake. Jake started to calm down but suddenly he looked at Officer Price, brought his left leg back toward his body, and kicked Officer Price in the chest. They then wrapped gauze around Jake and the cot to restrain him and transported him to the hospital.

The State charged Jake with Class D felony battery on a health care provider and Class D felony battery on a law enforcement officer. After a bench trial, the trial court

2

found Jake not guilty of battery on a health care provider but guilty of battery on a law enforcement officer. The trial court sentenced Jake to 545 days with 180 days served on home detention and 365 days suspended to probation. Jake now appeals.

**Analysis**

Jake argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

At the time of Jake's offense, Indiana Code Section 35-42-2-1 provided that a "person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery." The offense is a Class D felony if it results in bodily injury to a law enforcement officer while the officer is engaged in the execution of the officer's official duty. Ind. Code § 35-42-2-1. Jake's only argument is that his touching of Officer Price was not knowing or intentional. According to Jake, he was in a state of confusion, had difficulty communicating with the paramedics, and was afraid of the medicine that the paramedics were attempting to give him.

A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. I.C. § 35-41-2-2(a). A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he

3

is doing so. I.C. § 35-41-2-2(b). Because knowledge is the mental state of the actor, the trier of fact must resort to reasonable inferences of its existence. Young v. State, 761 N.E.2d 387, 389 (Ind. 2002); Mitchell v. State, 557 N.E.2d 660, 664 (Ind. 1990). "Circumstantial evidence is sufficient if an inference may reasonably be drawn from that evidence which supports the verdict." Mitchell, 557 N.E.2d at 664.

The State presented evidence that Jake was being transported by ambulance after having a seizure. Although he was initially disoriented, he eventually started talking to the paramedics. However, he suddenly became violent and tried to hit the paramedics. When Officer Price arrived, Jake calmed down. He then broke free from his restraints, looked directly at Officer Price, brought his left leg back toward his body, and kicked Officer Price in the chest. Although Jake testified that he did not intentionally kick Officer Price, the officers and paramedics testified that Jake's movements seemed purposeful. Jake's argument is merely a request that we reweigh the evidence, which we cannot do. The State presented sufficient evidence to demonstrate that Jake knowingly or intentionally kicked Officer Price.

## Conclusion

The evidence is sufficient to sustain Jake's conviction. We affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

4