

**FILED**

Jun 10 2015, 8:59 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael D. Gross
Lebanon, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gerald R. Mauch, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 10, 2015 <br><br> Court of Appeals Case No. <br> 06A01-1501-CR-16 <br><br> Appeal from the Boone Circuit Court <br><br> The Honorable Rebecca S. McClure, Special Judge <br><br> Case No. 06C01-0610-FD-123 |

**Vaidik, Chief Judge.**

## Case Summary

[1]   Gerald Mauch pled guilty to Class D felony theft and was sentenced to three years of probation.  As a condition of his probation, he was ordered to pay $102,444.84 in restitution by the end of his probation.  The probation department later filed a petition to revoke his probation because he failed to pay

the balance. The trial court found that Mauch knowingly, intentionally, and willfully failed to pay his $102,444.84 restitution because he failed to apply for and obtain a reverse mortgage on his home—an asset deemed sufficient to cover his restitution.

[2] Mauch now appeals, arguing that the trial court abused its discretion in revoking his probation. According to the Indiana Supreme Court, although the State bears the burden of proving that (1) a defendant violated a term of probation involving a payment requirement and (2) the failure to pay was reckless, knowing, or intentional, the defendant bears the burden of showing facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered. We find that Mauch has met this burden. That is, in order to obtain a reverse mortgage on his home to pay his restitution, Mauch needed the consent of his wife, and she refused to consent. In addition, Mauch is seventy-six years old and suffers from several health issues, such as being blind in one eye, having neuropathy in his fingers, difficulty standing and walking, and inability to sleep in a bed, all of which affect his ability to get a job. We therefore reverse the trial court.

# Facts and Procedural History

[3] In November 2007, Mauch, then sixty-nine years old, pled guilty to Class D felony theft.[1] The trial court sentenced Mauch to three years in the Boone County Jail, all suspended to probation. As a condition of his probation, Mauch was ordered to pay $102,444.84 in restitution. Appellant's App. p. 27. Mauch was required "to pay the restitution in full prior to the conclusion of probation, and a payment [had to] be recorded each month." *Id.* The court determined that Mauch's home—which he owned in joint tenancy with his wife Barbara and which had $200,000.00 in equity—was a sufficient asset to cover his restitution. Tr. p. 59, 79, 86, 108. Mauch had planned to sell his accounting practice to pay his restitution; however, he lost his practice due to his theft conviction. *Id.* at 68.

[4] Three years later, in November 2010, Mauch still owed $97,994.84 in restitution. Appellant's App. p. 30. The probation department filed a petition to modify and/or revoke Mauch's probation. The petition alleged that although Mauch had been making payments, the amount had not been paid in full. *Id.* In May 2011, the trial court found that Mauch violated his probation. However, the court extended Mauch's probation one year from May 17, 2011, to give him additional time to pay his restitution. At this time Mauch worked at Connor Prairie. *Id.* at 52. Mauch was ordered to pay no less than $75.00 a week while employed and $100.00 a month while not employed.

---

[1] The record shows that while Mauch was working as an accountant for a swim club in Zionsville, he stole a large amount of money. Appellant's App. p. 50.

[5] One year later, in May 2012, the probation department filed a second petition to modify and/or revoke Mauch's probation. At this time Mauch owed $95,369.84 in restitution. *Id.* at 33. The petition alleged that although Mauch had been making payments, the amount had not been paid in full. *Id.* In January 2013, the court found that Mauch violated his probation and extended it for another year from January 17, 2013. Because Mauch had been unemployed since 2012, the court ordered him to pay $100.00 per month toward his restitution. *Id.* at 34.

[6] One year later, in January 2014, the probation department filed a third petition to modify and/or revoke Mauch's probation. At this time Mauch owed $94,344.84 in restitution. *Id.* at 36. The petition alleged, like those before it, that the amount had not been paid in full. *Id.* In April 2014, Mauch filed a motion to dismiss, which the trial court denied. The final probation-revocation hearing was set for October 2014.

[7] At the final hearing, the evidence showed that Mauch had paid $10,000.00 total toward his restitution, leaving a balance of $92,644.85. Tr. p. 35, 43. Evidence also showed that Mauch's sole source of income was his monthly social-security check for $1,134.00. *Id.* at 62. Mauch's probation officer testified that he complied with the court's order by making payments of $100.00 per month except when he was hospitalized, and the only issue was the fact that the entire

amount had not been paid before the end of his probation.[2] *Id*. at 44. The probation officer believed that Mauch should not have to serve any prison time. *Id*. In addition, Mauch testified that he had contacted several mortgage companies about obtaining a reverse mortgage on his home, but they would not give him such a mortgage. When the court asked Mauch for evidence that he had contacted mortgage companies, Mauch said that he did not have any evidence. Accordingly, the court found that Mauch violated his probation by knowingly, intentionally, and willfully failing to pay his restitution.[3] *Id*. at 87. The court acknowledged Mauch's testimony that he was unable to obtain a reverse mortgage but found that Mauch's testimony was not credible. *Id.* at 86. The court ordered Mauch to serve his previously suspended sentence of three years. *Id*. at 87. However, the court stayed the execution of Mauch's sentence and set a status hearing for December 11, 2014, thereby giving him more time to pay the balance.

[8] At the status hearing on December 11, 2014, the now seventy-six-year-old Mauch testified that since the October 2014 hearing, he had contacted five or six mortgage companies, including Quicken Loans, Maverick Funding Corp., and American Advisors Group. *Id*. at 92-93, 95; Def.'s Ex. A (estimates from

---

[2] Mauch was hospitalized in June and July 2014 for a minor stroke and congestive heart failure. The record shows Mauch also missed a payment in September while he was on home health care.

[3] We note that the trial court found the defendant intentionally, knowingly, and *willfully* failed to pay his restitution. However, the statute provides that a person's probation may not be revoked for failure to comply with conditions of a sentence that impose financial obligations on the person unless the person knowingly, intentionally, or *recklessly* fails to pay. Ind. Code § 35-38-2-3(g).

mortgage companies). However, he was told that he could not obtain a reverse mortgage without the consent of his wife, Barbara. Tr. p. 95. Mauch testified that he did not submit any applications because Barbara refused to consent, thus making the application process useless. Mauch also testified that he attempted to get "some jobs" but due to various issues—including being blind in one eye, not being able to write due to neuropathy in his fingers, having difficulty standing and walking, and having a criminal record—he was unable to secure one. *Id*. at 96. Although Mauch never submitted any job applications, he started to fill out an application for Meijer but stopped when it inquired into his criminal history. *Id.* at 98. Mauch said he would continue to make the $100.00 monthly payment from his social-security check for life if allowed.[4] *Id*. at 68. Based on these efforts, Mauch asked the court to reconsider the execution of his three-year sentence.

[9] Barbara testified that she was advised—by an attorney—not to sign anything for a reverse mortgage. *Id*. at 104. Barbara explained that she put all of the money she made from working as a Catholic school teacher for twenty-five years into the home, the home was important to her, and she did not want to lose it. Barbara is retired, and her sole source of income is her monthly social-security check. *Id*. at 71. Barbara also explained that except for her twenty-year-old car, the house was her only asset, and both of their children—who are disabled—

---

[4] Mauch continued making the monthly payment of $100.00 between the final and status hearings. Tr. p. 96.

lived with them. *Id*. at 104-05. Barbara also described Mauch's health problems and the daily medical assistance he required.[5]

[10] The court denied the motion to reconsider and ordered Mauch to serve his previously suspended sentence of three years in the Indiana Department of Correction. *Id*. at 109. Mauch was then taken into custody.[6] *Id.* At the time of sentencing Mauch owed $92,544.84 in restitution. *Id*. at 91.

# Discussion and Decision

[11] Mauch contends that the trial court abused its discretion by revoking his probation. The trial court found that Mauch knowingly, intentionally, and willfully failed to pay his restitution because he did not apply for and take out a reverse mortgage on his home, an asset that could satisfy the balance. *Id*. at 79-80.

[12] Probation is a matter left to the trial court's discretion, not a right to which a criminal defendant is entitled. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). "A trial court's probation decision is subject to review for abuse of discretion." *Id*. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id*. We will

---

[5] Mauch receives insulin shots and tests for his blood sugar, takes medication daily, cannot walk and is always falling, and cannot sleep in a bed. Tr. p. 105.

[6] According to the Indiana Department of Correction Offender database, Mauch is currently imprisoned at Plainfield Correctional Facility with an earliest possible release date of June 9, 2016.

consider all the evidence most favorable to support the judgment of the trial court without reweighing the evidence or judging the credibility of the witnesses. *Id*. If there is substantial evidence of probative value to support the trial court's conclusion that the defendant has violated any terms of probation, we will affirm the trial court's decision to revoke probation. *Id*.

[13] Probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). Probation, however, may not be revoked for failure to comply with "conditions of a sentence that impose[] financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Ind. Code § 35-38-2-3(g).

[14] The Indiana Supreme Court recently addressed who bears the burden of proving the defendant's inability to pay. *See Runyon v. State*, 939 N.E.2d 613, 616 (Ind. 2010). The Court held that although the State bears the burden of proving that (1) a defendant violated a term of probation involving a payment requirement and (2) the failure to pay was reckless, knowing, or intentional, the defendant bears the burden of showing facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered. *Id*. at 617.

[15] The record shows that Mauch failed to pay the balance of his restitution before the end of his probation, which was a required condition. Mauch concedes as much. Mauch argues, however, that because he was unable to pay the

restitution during the term of probation, his probation "should have been terminated." Appellant's Br. p. 6.

[16] Our Supreme Court held in *Smith* that the defendant knowingly failed to pay his restitution. 963 N.E.2d at 1114. In that case, the defendant's sentence of three years was suspended to probation, and he was ordered to pay child support every week. Throughout several months in 2009, the defendant either partially paid his child support or did not pay at all, despite the fact that he was employed part of the time between November 2008 and December 2009. *Id*. Even when the defendant was employed full-time, he did not make his regular support payments. *Id*. The defendant attempted to show his inability to work and to pay support by focusing on various medical problems, hospital stays, required treatments, and lack of health insurance. *Id*. Although the defendant did not admit that he had violated his probation, when asked if he had done anything to try to raise money since the last hearing to pay his restitution, the defendant responded that he "didn't have a way." *Id*. at 1113-14. Thus, the Court found that the defendant had failed to carry his burden of showing facts related to his inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the court that further imprisonment should not be ordered. *Id*. at 1114.

[17] Here, the record shows that Mauch is seventy-six years old and suffers from many health problems that impact his ability to work. In addition, his sole source of income is his monthly social-security check for $1,134.00. Mauch testified that he had inquired into several mortgage companies, such as Quicken

Loans, Maverick Funding Corp., and American Advisors Group, but was told that he would be unable to take out a reverse mortgage without the consent of his wife. Tr. p. 93, 95; Def.'s Ex. A. Barbara testified that upon the advice of an attorney, she would not consent to a reverse mortgage.[7] Tr. p. 104. Mauch made the required monthly restitution payments—$75.00 a week while employed and $100.00 a month while unemployed—except for the few months when he was hospitalized and received home health care. Appellant's App. p. 52; Tr. p. 83. And he continued to make the $100.00 monthly payment between the final and status hearings. Despite the court's finding that Mauch's testimony was not credible, there is no indication in the record that he could get a mortgage without Barbara's consent or that he had other funds to pay the balance. We find that Mauch has made a sufficient showing of his inability to pay and bona fide efforts to pay. Accordingly, the trial court abused its discretion in revoking Mauch's probation.

[18] Reversed.

Kirsch, J., and Bradford, J., concur.

---

[7] And there is no indication in the record that Barbara has changed her mind since Mauch has been in prison.