

**FILED**

Mar 23 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
Matthew G. Grantham
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

## No. 35S02-1106-CR-369

TROY R. SMITH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Huntington Superior Court, No. 35D01-0610-FD-240
The Honorable Jeffrey R. Heffelfinger, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 35A02-1008-CR-996

**March 23, 2012**

**Rucker, Justice.**

The trial court revoked the probation of Troy R. Smith for failure to pay weekly child support as a condition of his probation. On appeal Smith argued the State failed to carry its burden of proof that his failure to pay was reckless, knowing, or intentional. We disagree and affirm the judgment of the trial court.

**Facts and Procedural History**

On May 22, 2007, under terms of a written agreement, Smith pleaded guilty to non-support of a dependent child, a Class D felony. At that time Smith was in arrears on his support obligations in the amount of $4,671.13. Appellant's App. at 29. Among other things the agreement provided (i) for a sentence of three years suspended to probation; (ii) that Smith "shall pay current support every week in the amount of $78.79 as modified from time to time";[1] and (iii) that Smith "shall pay an additional $16.00 weekly on the arrearage." Appellant's App. at 27.[2] On June 26, 2007, the trial court sentenced Smith according to the terms of the plea agreement.

From June 26, 2007 until November 23, 2008, Smith remained current on his weekly payments and also made payments toward his arrearage. However, starting in March 2009 Smith began making only partial payments on his support and arrearage, with no payments being made between May 22, 2009 and July 16, 2009. In like fashion between September 14, 2009 and December 16, 2009, Smith sometimes made partial weekly and arrearage payments and other times no payments at all.

On March 8, 2010, Smith's probation officer filed a petition to revoke probation. By this time Smith owed a total of $8,645.49 in unpaid support. Tr. at 48. An evidentiary hearing was held on August 10, 2010. The State introduced evidence of Smith's payment history from June 26, 2007, through the date of the hearing. Smith testified on his own behalf. And although he

---

[1] On November 24, 2008, the trial court modified Smith's weekly support obligation to $124.00. Tr. at 49. The record does not reveal why there was an increase, but Smith testified that he was aware of the modification. Tr. at 71.

[2] The record shows that Smith signed the agreement. Appellant's App. at 30; Tr. at 63. And Smith acknowledged in open court that he understood the terms of the agreement. Tr. at 64-65.

made no express admission that he violated the terms of his probation, when asked what he had done to raise money to pay his child support Smith replied, "I really haven't had any way. I mean, I've been barely skimming by and really it's hard just putting food on the table." Tr. at 71. He also testified at length about his health problems; including diabetes, back pain, asthma, high blood pressure, and depression.

Concluding that Smith had violated the terms of his probation by failing to pay current support every week, the trial court revoked Smith's probation and ordered Smith to serve the remainder of his three-year sentence. Smith appealed and the Court of Appeals reversed finding first that the "State did not meet its burden to prove Smith's ability to pay notwithstanding his failure to pay weekly child support as a condition of his probation," and second that even if Smith did "violate his probation the trial court abused its discretion in revoking Smith's probation to the full." Smith v. State, 945 N.E.2d 740, 747-48 (Ind. Ct. App. 2011). Having previously granted the State's petition to transfer thereby vacating the Court of Appeals' opinion, see Ind. Appellate Rule 58(A), we now affirm the judgment of the trial court. Additional facts are set forth below where necessary.

**Standard of Review**

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). A trial court's probation decision is subject to review for abuse of discretion. An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." Id. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999). We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. Id.

**Discussion**

A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). In order to obtain a revocation of probation, "[t]he state must prove the violation by a preponderance of the evidence." I.C. § 35-38-2-3(e). Further, "[p]robation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." I.C. § 35-38-2-3(f). In this case Smith concedes that "the State's evidence did establish he was behind in support." Appellant's Br. at 4. He argues however, "the State offered nothing to establish why he was behind in support." Appellant's Br. at 4. Smith also contends the statutes are "not clear [on] who holds the burden of proof in this matter." Appellant's Br. at 6.

In a recent opinion this Court noted that under the foregoing statutory scheme, probation may be revoked for violation of a probation condition. Runyon v. State, 939 N.E.2d 613, 616 (Ind. 2010).[3] However, if the condition violated involves a financial obligation, then the probationer must be shown to have recklessly, knowingly, or intentionally failed to pay. Id. This Court determined "[a]s to the fact of violation, the statute expressly imposes the burden of proof upon the State. But with respect to the ability to pay, the burden of proof is not explicitly designated." Id. Noting that revoking probation for violating a financial obligation requires proof of both the underlying violation and the defendant probationer's state of mind, we held, "it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation." Id. With respect to the ability to pay, we held that it is the defendant probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." Id. at 617 (citing Woods v. State, 892 N.E.2d 637, 641 (Ind. 2008)).

---

[3] We observe that Runyon was decided after the parties had filed their briefs before the Court of Appeals. Many of the questions Smith posed in his Appellant's Brief are answered by Runyon. By the time the Court of Appeals decided this case, Runyon had been decided. The court cited and discussed Runyon, but distinguished it in part on grounds that unlike the probationer in Runyon, here the probationer did not admit his violation. We disagree with our colleagues that Runyon may be distinguished on this ground.

4

*A.     The fact of violation and requisite mental state*

The record makes clear that Smith failed to pay weekly support obligations as a required condition of his probation.  Indeed on appeal Smith concedes as much.  Rather Smith complains the State failed to show that "he had missed weekly child support payments knowingly, intentionally, or recklessly."  Appellant's Br. at 4.

First, as we observed in Runyon "because the phrase 'recklessly, knowingly, or intentionally' appears in the disjunctive and thus prescribes alternative considerations, the state of mind requirement may be satisfied by adequate evidence that a defendant's failure to pay a probation imposed financial obligation was either reckless, knowing, or intentional."  939 N.E.2d at 616.   Indiana Code section 35-41-2-2(b) provides that a person engages in conduct "knowingly" if, when he or she engages in the conduct, the person is aware of a "high probability" that he or she is doing so.  Because knowledge is a mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of each case.  See Young v. State, 761 N.E.2d 387, 389 (Ind. 2002).  Thus, aside from the inability to pay – which we discuss below – in order to sustain the probation revocation in this case, the evidence must show that Smith was aware of a high probability that he was not "pay[ing] current support every week in the amount of $78.79 as modified from time to time."  Appellant's App. at 27.

As indicated earlier Smith gave extensive testimony concerning his various medical problems, including back surgery in August 2009.  When asked on cross-examination whether he had ever filed for a modification of the support ordered in this case he answered, "no ma'am" and elaborated, "I feel like I want to take care of my children and everything. . . .  I'm not trying to get out of paying it I just . . . .  I'm trying the best I can."  Tr. at 69-70.  When asked on redirect examination, "In addition to looking for new employment then, after you lost your job last fall, have you done anything else to raise money to pay your support?"  Smith responded, "[I] really haven't had any way.  I mean, I've been barely skimming by and really it's hard just putting food on the table."  Tr. at 71.  From this testimony we are of the view that the trial judge as fact finder could reasonably conclude that Smith knowingly failed to pay current child support every week as required by the terms of his probation.

*B. Inability to pay*

The record shows that at the revocation hearing Smith made no explicit argument concerning his inability to pay support. The record reveals that Smith was employed during part of the time between November 2008 and December 2009. But it does not clearly indicate his income was such that he was unable to pay support as ordered. In fact Smith's own testimony revealed that even when he was employed full time he did not make his regular support payments. See Tr. at 73. At the hearing Smith focused on his various medical problems, hospital stays, required treatments, and lack of health insurance. Apparently Smith was attempting to show – at least by inference – that he was unable to work and thus unable to pay support. But as the trial court observed, "I simply cannot tell from the records whether he's able to work or incapable of working. All I know is that he was in the hospital. There is nothing from a physician or a doctor indicating that he's not capable of working." Tr. at 75.

It is the probationer's burden "to show facts related to the inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." Runyon, 939 N.E.2d at 617. Here Smith failed to carry his burden. The trial court did not abuse its discretion in revoking Smith's probation.

**Conclusion**

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and David, JJ., concur.