Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Aug 01 2012, 9:13 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER A. CAGE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN A. STATON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1112-CR-1192 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-1009-FD-343

**August 1, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Justin A. Staton ("Staton") appeals following the Madison Circuit Court's revocation of his probation and argues (1) that the State presented insufficient evidence to support the revocation, and (2) that the trial court violated his due process rights by improperly basing its revocation decision on matters not alleged in the petition to revoke.

We affirm.

**Facts and Procedural History**

On May 2, 2011, Staton pleaded guilty to Class D felony theft, Class B misdemeanor unauthorized entry into a motor vehicle, and Class B misdemeanor inhaling toxic vapors. Staton received an aggregate sentence of two years, with all but two days suspended to probation.

Less than two months later, on June 14, 2011, Cody Rose ("Rose") and Raymond Gallegos ("Gallegos") were walking together when they met Staton and Tracy Smith ("Smith"). Smith and Rose began to argue about a previous incident, and Staton struck Rose on the back of the head. Smith then pulled the back of Rose's shirt over his head and Rose was knocked to the ground. After Rose fell to the ground, Staton and Smith continued to hit him. Rose then pulled out a knife and "started flailing [it] around[.]" As a result, Staton was stabbed in the hand and leg. Gallegos eventually pulled Staton off of Rose, and Staton fled when he heard police sirens.

On June 17, 2011, the State filed a petition to revoke Staton's probation. The petition alleged that Staton had violated his probation by committing the new offenses of Class A misdemeanor battery and Class B misdemeanor disorderly conduct. A

2

revocation hearing was held on November 15, 2011, at which both Rose and Gallegos testified for the State. At the conclusion of the hearing, the trial court found that Staton had violated his probation as alleged in the petition. After hearing evidence and argument concerning sanctions, the trial court revoked Staton's probation and ordered him to serve the entirety of his previously suspended sentence. Staton now appeals.

## I. Sufficiency of the Evidence

Staton first argues that the State presented insufficient evidence to support the revocation of his probation. It is well settled that probation is matter of grace left to the discretion of the trial court, not a right to which a criminal defendant is entitled. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). Accordingly, a trial court's decision to revoke probation is reviewed for an abuse of discretion, which occurs where the decision is clearly against the logic and effect of the facts and circumstances before the trial court. Id. A person's probation may be revoked if he or she violates a condition of probation during the probationary period. Id. (citing Ind. Code § 35-38-2-3(a)(1)). "A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence." Id. We will consider the evidence most favorable to the judgment of the trial court, without reweighing that evidence or judging the credibility of witnesses. Id. "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation." Id. The State need not show that the defendant was convicted of a crime to support the revocation of probation. Lightcap v. State, 863

3

N.E.2d 907, 911 (Ind. Ct. App. 2007). "Although an arrest standing alone does not necessarily support a revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that the defendant violated a criminal law, revocation of probation is permitted." Id.

The State alleged that Staton violated his probation by committing two new offenses, Class A misdemeanor battery and Class B misdemeanor disorderly conduct. The evidence most favorable to the trial court's decision establishes that Rose was arguing with Smith when Staton struck Rose in the back of the head. Smith then pulled the back of Rose's shirt over his head, and when Rose was knocked to the ground, Smith and Staton continued to strike him. This evidence was more than sufficient to establish by a preponderance of the evidence that Staton committed battery and disorderly conduct. See Ind. Code § 35-42-2-1(a) (providing that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor"); Ind. Code § 35-45-1-3(a) (providing that a person who recklessly, knowingly, or intentionally "engages in fighting or tumultuous conduct" commits Class B misdemeanor disorderly conduct). Staton's arguments to the contrary are nothing more than requests to reweigh the evidence and judge the credibility of witnesses, which we will not do on appeal.[1]

---

[1] Staton claims that the trial court's statement that it was "not sure that . . . any individual witness has given us a complete version of what really happened here" somehow undermines its ultimate conclusion that Staton had violated his probation. Tr. p. 45. But the court went on to explain its reasons for concluding that Staton was not acting in defense of Smith as he claimed and had, in fact, violated his probation as alleged in the petition.

4

## II. Due Process

Next, Staton argues that the trial court violated his due process rights by basing its revocation decision on matters not alleged in the petition to revoke. "It is well settled that although a probationer is not entitled to the full array of rights afforded at trial, certain due process rights inure to a probationer at a revocation hearing." Hubbard v. State, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). Among these due process rights is the right to receive written notice of the alleged violations. Piper v. State, 770 N.E.2d 880, 882 (Ind. Ct. App. 2002), trans. denied. It is error for a probation revocation to be based upon a violation for which the probationer did not receive notice. J.H. v. State, 857 N.E.2d 429, 432 (Ind. Ct. App. 2006), trans. denied.

In support of his argument that the trial court's revocation decision was based on alleged violations of which he received no notice, Staton directs our attention to certain statements of the trial court concerning Staton's choice to remain at the scene even after it became apparent that Smith and Rose were going to get into an altercation and Staton's flight from the scene after hearing police sirens.

Staton's argument is meritless. The trial court clearly indicated that it found "[b]y a preponderance of the evidence . . . that Mr. Staton did violate his probation *as alleged in the June 17th notice*." Tr. p. 46 (emphasis added). And as we explained above, the State presented sufficient evidence to support that finding. The statements of which

---

Specifically, the court noted that Staton saw the situation unfolding, yet chose to stay and become involved, and that Staton fled when he heard police sirens. Thus, the trial court was simply acknowledging that it had heard conflicting testimony, and although it was not sure that any one witness had given a full and accurate account of the events, it nevertheless believed that Staton had violated his probation as alleged.

5

Staton now complains were merely explanations of why the trial court rejected Staton's claim that he was defending Smith against an attack by Rose and found that he had, in fact, violated his probation by committing the new offenses of battery and disorderly conduct.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.