## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 29 2016, 9:34 am

*Kevin S Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Killin,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 29, 2016

Court of Appeals Case No.
49A04-1507-CR-759

Appeal from the Marion Superior Court

The Honorable Ronnie Huerta, Commissioner

Trial Court Cause No.
49G19-1503-CM-10179

**Najam, Judge.**

## Statement of the Case

Daniel Killin appeals the trial court's order for Killin to serve the balance of his sentence in the Marion County Jail after the court revoked Killin's placement on work release. Killin raises a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve the balance of his sentence in jail. We affirm.

## Facts and Procedural History

On March 26, 2015, Killin pleaded guilty to operating a vehicle while intoxicated, as a Class A misdemeanor, and to possession of paraphernalia, as a Class A misdemeanor. The trial court sentenced Killin to an aggregate term of one year in Marion County Community Corrections on work release.

On March 31, Killin's first full day of work release from the Duvall Residential Center ("Duvall"), Killin received an approved medical leave pass to visit Eskenazi Hospital. Pursuant to that pass, Killin was required to return to Duvall by 8:00 p.m. that day. But Killin did not return for sixty-seven days. Community Corrections filed a notice of violation and, at a subsequent hearing on June 4, Killin admitted to the violation. Despite Killin's extensive absence, the court allowed him to continue on work release from Duvall but warned him that, "if you come back again, there's nowhere else to go but the Department of Correction." Tr. at 11.

On June 10, Killin received another short-term medical pass from Duvall. Again, Killin failed to return in accordance with the requirements of that pass.

Community Corrections filed a second notice of violation on June 11, and Killin was arrested on June 13. At the ensuing hearing on the notice of violation, Killin admitted to the violation. The court then revoked Killin's placement on work release and ordered him to serve the balance of his sentence in the Marion County Jail. This appeal ensued.

## Discussion and Decision

[5] Killin appeals the trial court's order that he serve the balance of his sentence in the Marion County Jail. We review the trial court's decision to revoke placement in a community corrections program for an abuse of discretion, which occurs only when the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We will consider only the evidence most favorable to the judgment of the trial court, and we will not reweigh the evidence on appeal or judge the credibility of witnesses. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of his placement, we will affirm its decision to revoke that placement. *Id.*

[6] Here, there is no dispute that Killin violated the terms of his placement on work release when he twice failed to reappear at Duvall prior to the expiration of his approved medical passes. Rather, the only issue on appeal is whether, as Killin states in his brief, "the trial court . . . g[a]ve enough weight to [Killin's] mitigating circumstances" when it ordered him to serve the balance of his sentence in the Marion County Jail. Appellant's Br. at 8. In particular, Killin

asserts that his first failure to return was justified by extreme pain due to a prior car accident, and his second failure to return was justified by a family emergency in which his grandson had fallen off of a swing set and was injured.

[7] Killin made these arguments to the trial court. And, after Killin's first violation, the court gave Killin a second chance at work release, despite Killin having been absent without permission from Duvall for more than two months. However, within a few days after the court had warned him against committing another violation, Killin nonetheless again violated the conditions of his release when he was absent from Duvall for another two days, and Killin's absence did not end because he returned or otherwise submitted himself to the court or other authority but only because he was arrested. In sum, Killin's arguments on appeal are merely requests for this court to reweigh the evidence, which we will not do. We cannot say that the trial court abused its discretion when it ordered Killin to serve the balance of his sentence in the Marion County Jail.

[8] Affirmed.

Riley, J., and May, J., concur.