## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 09 2018, 5:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Courtney Woodard, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 9, 2018 <br><br> Court of Appeals Case No. <br> 34A04-1710-CR-2411 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Judge <br><br> Trial Court Cause No. <br> 34D01-1403-FD-193 <br> 34D01-1503-F6-242 |

**Robb, Judge.**

# Case Summary and Issues

[1] Courtney Woodard was on probation in two separate cases with the terms set to run concurrently. Woodard subsequently violated probation in both cases and the trial court revoked his probation. The trial court ordered Woodard committed to the Indiana Department of Correction to serve the remainder of his sentence in one cause and tolled his probation in the second cause until his release from incarceration. Woodard appeals, raising two issues for our review: 1) whether the trial court abused its discretion in tolling Woodard's probation in the second cause until his release from incarceration in the first; and 2) whether the trial court improperly calculated his credit time. Concluding the trial court did not abuse its discretion or improperly calculate Woodard's credit time, we affirm.

# Facts and Procedural History

[2] On March 26, 2014, the State charged Woodard, under cause number 34D01-1403-FD-193 ("Cause 193"), with possession of marijuana, a Class D felony. The State later amended the charging information to add the charge of dealing in a synthetic drug, also a Class D felony. On March 11, 2015, before Woodard's trial in Cause 193, Woodard was arrested and charged with dealing in marijuana, possession of marijuana, and dealing in a synthetic lookalike substance, all Level 6 felonies; and possession of a synthetic drug lookalike substance, a Class A misdemeanor. The cause number for Woodard's second set of offenses is 34D01-1503-F6-242 ("Cause 242").

[3] In Cause 193, a jury found Woodard guilty of possession of marijuana and the trial court sentenced him to 1,095 days—183 days served on home detention and the remaining 912 days suspended to probation. Woodard began serving this sentence on September 16, 2015. In Cause 242, Woodard pleaded guilty to possession of marijuana and the trial court sentenced him to 546 days of probation. The trial court ordered Woodard's sentence under Cause 242 to run "concurrently . . . to any other sentence [Woodard] may be currently serving." Appendix of Appellant, Volume 4 at 77. Woodard began serving his sentence under Cause 242 on March 4, 2016.

[4] On August 17, 2017, the State filed a petition to revoke Woodard's probation in both cases. The trial court held a fact-finding hearing on October 3, 2017, at which Woodard admitted to violating the terms of his probation. The trial court revoked Woodard's probation and ordered him to serve the 912 days suspended under Cause 193 in the Department of Correction. The trial court also ordered Woodard to remain on probation under Cause 242, but "tolled" the probationary term until Woodard's release from incarceration in Cause 193. *Id.* at 129. Woodard now appeals.

# Discussion and Decision

## I. Woodard's Sentence

[5] Woodard first argues the trial court improperly increased his sentence under Cause 242. Specifically, Woodard alleges the trial court, by tolling his sentence

until his release from incarceration in Cause 193, improperly "exceed[ed] his maximum sentence under [Cause 242]." Brief of Appellant at 12.

[6] A defendant is not entitled to probation; rather, it is a matter of grace left to the trial court's discretion. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). A trial court's sentencing decision in a probation revocation proceeding is subject to review for abuse of discretion. *Podlusky v. State*, 839 N.E.2d 198, 200 (Ind. Ct. App. 2005). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Smith*, 963 N.E.2d at 1112.

[7] Indiana Code section 35-38-2-3(h) provides a trial court with three options when it has found a defendant violated the terms of his probation. The trial court may (1) "[c]ontinue the person on probation, with or without modifying or enlarging the conditions[,]" (2) "[e]xtend the person's probationary period for not more than one (1) year beyond the original probationary period[,]" or (3) "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h). Following Woodard's admission to violating probation, the trial court revoked his probation in Cause 193 and ordered him to serve 912 days of his previously suspended sentence incarcerated in the Department of Correction. The trial court then continued Woodard on probation in Cause 242 but tolled the running of his probation in that cause until his release from incarceration. The trial court did not extend Woodard's probationary period for more than a year, which would violate Indiana Code section 35-38-2-3(h)(2); rather, the trial court merely continued

Woodard on probation under his original sentence. And although there is no express statutory authority permitting the tolling of a sentence, by its very nature, a person is not on probation while they are incarcerated and the trial court still possessed the authority to continue Woodard on probation under Cause 242 following his release from incarceration. *See Hart v. State*, 889 N.E.2d 1266, 1271 (Ind. Ct. App. 2008) ("Given the rehabilitative purpose of probation, a process which can only be accomplished outside the confines of prison, it is axiomatic that one may not be simultaneously on probation and serving an executed sentence.") (quotation omitted).

[8] A trial court possesses great latitude in fashioning the terms of a probation violation sentence and will be reversed only when it has abused its discretion. *See* Ind. Code § 35-38-2-3(h). We view the trial court's sentence as a valid exercise of its wide discretion in fashioning an appropriate sentence for Woodard's probation violation. The trial court did not abuse its discretion in tolling Woodard's probation in Cause 242 until his release from incarceration in Cause 193.

## II. Credit Time

[9] Woodard also argues the trial court improperly calculated credit time in Cause 242. Specifically, he alleges the trial court should have applied his time served incarcerated awaiting disposition for his probation violation to both Cause 193 and Cause 242. Credit time is a matter of statutory right and trial courts have no discretion in awarding or denying such credit. *Harding v. State*, 27 N.E.3d

330, 331-32 (Ind. Ct. App. 2015). The appellant bears the burden to show the trial court erred. *Id.* at 332.

[10] Woodard was incarcerated for a period of thirty-one days prior to his probation violation hearing. At the hearing, the trial court revoked his probation under Cause 193 and ordered him to serve 912 days of his previously suspended sentence. The trial court also awarded him jail time credit of "31 actual days or 62 credit days, served while awaiting disposition in this matter." App. of Appellant, Vol. 2 at 211. Woodard asserts the trial court erred by failing to award him the same credit time under Cause 242.

[11] "Credit time" means "the sum of a person's accrued time, good time credit, and educational credit." Ind. Code § 35-50-6-0.5(2). "Good time credit" means "a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined." Ind. Code § 35-50-6-0.5(4). "A person who is not a credit restricted felon and who is imprisoned for a Level 6 felony or a misdemeanor or imprisoned awaiting trial or sentencing is initially assigned to Class A [credit time assignment]." Indiana Code § 35-50-6-4(a) (2014). A person who has a Class A credit time assignment earns one day of good credit time "for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.1(b) (2014).

[12] Woodard is not serving a term of imprisonment under Cause 242; rather, he was ordered to remain on probation in that cause following his release from incarceration under Cause 193. The only term of imprisonment Woodard is

serving, and is therefore able to apply credit time to, is Cause 193. Woodard cites to no authority, and we find none, entitling him to apply credit time to his probationary period. The trial court did not err in calculating Woodard's credit time under Cause 242.

# Conclusion

[13] The trial court did not abuse its discretion in sentencing Woodard nor did the court improperly calculate his credit time. Accordingly, we affirm.

[14] Affirmed.

Crone, J., and Bradford, J., concur.