## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 03 2018, 7:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathon Andrew Moore,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 3, 2018

Court of Appeals Case No.
18A-CR-40

Appeal from the Marion Superior Court

The Honorable Amy J. Barbar, Magistrate

Trial Court Cause No.
49G02-1608-F5-32542

**Darden, Senior Judge.**

# Statement of the Case

Jonathon Andrew Moore appeals his conviction of battery by a person at least eighteen years of age resulting in bodily injury to a person under fourteen years of age, a Level 5 felony.[1] We affirm.

# Issue

Moore raises one issue, which we restate as: whether the evidence is sufficient to sustain Moore's conviction.

# Facts and Procedural History

On Sunday, August 7, 2016, Moore took his children, eleven-year-old G.M. and six-year-old N.M., to a birthday party. At one point, N.M. was eating food outside when a bee flew near her. She became scared and swatted at it, but it landed in her food and attempted to land on her. N.M. then swatted at it again, crying in fear. Moore walked over to her. He was upset and told her to stop swatting at the bee.

Next, Moore put G.M. and N.M. in his car, preparing to take G.M. back to his mother's home. Both children sat in the back seat, with G.M. sitting behind the driver's seat and N.M. sitting behind the front passenger seat. Moore turned toward N.M. He was "mad." Tr. Vol. II, pp. 27, 43. Moore told N.M., "I told you to . . . stop swatting at that bee." *Id.* at 42. He then slapped N.M. in the

---

[1] Ind. Code § 35-42-2-1 (2016).

face and on her arm several times. Moore hit N.M. "hard," causing her to cry. *Id.* at 26. Next, he drove G.M. home, dropped him off, and took N.M. back to the party.

[5] On Monday, August 8, N.M. went to school. N.M.'s teacher noticed a mark on the side of her face and a welt on her forehead. N.M. did not have the marks on her face the previous Friday. The teacher alerted her principal and called the Department of Child Services. She also called N.M.'s mother, Latasha Colvin.

[6] Colvin had not seen N.M. since the previous Friday because Moore had exercised parenting time with N.M. that weekend. Colvin went to N.M.'s school and, upon seeing N.M., noticed a mark on the right side of her face and a welt on her forehead.

[7] Next, Colvin checked N.M. out of school, called the police, and took N.M. to a hospital. A forensic nurse examined N.M. and saw a red mark on the right side of her face. The nurse opined that the mark was consistent with being struck by a hand.

[8] On August 10, 2016, forensic interviewers spoke with N.M. about her injury. A detective observed the interview and also noted a bruise on the right side of N.M.'s face. The bruise resembled a handprint. The detective also interviewed Moore, who denied striking N.M. He instead claimed N.M. must have been accidentally struck by another child while playing at the party.

On August 22, 2016, the State charged Moore with battery by a person eighteen years of age resulting in bodily injury to a person less than fourteen years of age, a Level 5 felony. Moore waived his right to a jury trial, and the case was tried to the bench. Moore testified that after he put G.M. and N.M. in the car, she screamed that there was a bee in the car. He further claimed that he accidentally hit N.M. while attempting to get the insect out of the car. The trial court determined Moore was guilty, stating as follows:

> Well the court finds there was remarkable consistence [sic] in the testimony of these two children who haven't seen each other in a year. And particularly in regard to the details of when the child was struck. Even children know the difference, as they showed by their testimony between somebody swatting a bee and an angry father, and the most inconsistent testimony in this case was from the defendant. And the statements he gave to the detective beforehand. Based upon all the evidence the court has seen, the court finds the state did prove beyond a reasonable doubt that the defendant committed a battery on a child less than fourteen years of age, and so will enter judgment of conviction as to count one, a level five felony.

Tr. Vol. II, p. 96. The trial court subsequently held a sentencing hearing and imposed a sentence. This appeal followed.

## Discussion and Decision

Moore argues the evidence is insufficient to support his conviction. Our standard of review for sufficiency of the evidence is well-settled. We do not reweigh the evidence or assess the credibility of witnesses. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We consider only the probative evidence and

reasonable inferences supporting the judgment. *Perryman v. State*, 80 N.E.3d 234, 250 (Ind. Ct. App. 2017). We will affirm the trial court if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Tobar v. State*, 740 N.E.2d 109, 111-12 (Ind. 2000).

[11] To convict Moore as charged, the State was required to prove beyond a reasonable doubt that (1) Moore, (2) who was more than eighteen years of age, (3) knowingly or intentionally (4) touched N.M., (5) who was less than fourteen years of age, (6) in a rude, insolent, or angry manner, (7) resulting in bodily injury to N.M. Ind. Code § 35-42-2-1. The key question is whether Moore knowingly or intentionally struck N.M. He claims the mark on N.M.'s face was the result of "accidental contact." Appellant's Br. p. 10.

[12] As the General Assembly has stated:

> (a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.
>
> (b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Ind. Code § 35-41-2-2 (1977). Because knowledge is a mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of each case. *Smith v. State*, 963 N.E.2d 1110, 1113 (Ind. 2012).

[13] Both children testified that Moore placed them in his car and was "mad." They further testified that Moore turned to N.M. and, after reminding her that he had told her to stop swatting at the bee, slapped her several times on her face and arm. N.M. cried because Moore struck her "hard," but he simply told her to stop crying. One of Moore's slaps left a red handprint on the right side of her face.

[14] When a detective interviewed Moore about the incident several days later, he denied touching N.M. and stated that she must have been struck by another child at the party. However, at trial he contradicted himself, testifying that he accidentally hit her while trying to get an insect out of his car. This evidence is sufficient to establish beyond a reasonable doubt that Moore knowingly or intentionally struck N.M.; and, that he did so in a rude, insolent, or angry manner. *See Cooper v. State*, 831 N.E.2d 1247, 1251 (Ind. Ct. App. 2005) (State presented sufficient evidence to disprove Cooper's claim that she accidentally struck child victim; Cooper was angry and struck the child repeatedly, with force), *trans. denied*. Moore's citation to his own testimony is a request to reweigh the evidence, which our standard of review forbids.

[15] Moore further raises a defense of parental privilege, claiming he cannot be held criminally liable for striking N.M. because it was a reasonable use of force that was necessary to discipline his child. Moore did not present this defense to the trial court. Instead, he argued at trial that he struck N.M. by accident. Moore is thus raising the defense of parental privilege for the first time on appeal and

has procedurally defaulted it. *See Benson v. State*, 762 N.E.2d 748, 755-56 (Ind. 2002) (claims not presented to trial court could not be considered on appeal).

# Conclusion

[16]  For the reasons stated above, we affirm the judgment of the trial court.

[17]  Affirmed.

Bailey, J., and Pyle, J., concur.