# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2019, 11:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sarah McClellan,<br>*Appellant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee*. | February 28, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2277<br><br>Appeal from the Wells Superior Court<br><br>The Honorable Andrew K. Antrim, Judge<br><br>Trial Court Cause No.<br>90D01-1701-F6-2 |

**Brown, Judge.**

[1] Sarah McClellan appeals the reinstatement of a portion of her previously-suspended sentence. We affirm.

## *Facts and Procedural History*

[2] In January 2017, the State alleged in its filing information as amended that McClellan committed: Count I, possession of a narcotic drug as a level 5 felony for, on or about December 12, 2016, knowingly possessing heroin contrary to Ind. Code § 35-48-4-6[1]; and Count II, unlawful possession of a syringe as a level 6 felony. McClellan and the State entered into a plea agreement dated September 26, 2017, pursuant to which McClellan agreed to plead guilty to possession of a narcotic drug as a level 5 felony. The agreement provided that McClellan would receive a sentence of three years with the entirety of the sentence suspended, she would be placed on probation for three years, and as a condition of probation she would be placed on home detention for a period of one year to commence immediately upon the completion of her term of home detention in cause number 68C01-1111-FC-801 ("Cause No. 801"). On September 26, 2017, the court held a guilty plea hearing at which McClellan pled guilty to possession of a narcotic drug as a level 5 felony. In providing the factual basis, the prosecutor stated that emergency medical service providers

---

[1] Ind. Code § 35-48-4-6 governs the offense of possession of a narcotic drug and provides in part under subsection (b) that the offense is a level 5 felony if the amount of the drug involved is less than five grams and an enhancing circumstance applies. Ind. Code § 35-48-1-16.5 provides that an "enhancing circumstance" means, among other things, that "[t]he person has a prior conviction, in any jurisdiction, for dealing in a controlled substance that is not marijuana, hashish, hash oil, salvia divinorum, or a synthetic drug, including an attempt or conspiracy to commit the offense."

found heroin on or about McClellan's person, the weight of the drug was less than five grams, and McClellan had a conviction for dealing in a Schedule I controlled substance on January 30, 2013, in Randolph Circuit Court under Cause No. 801 which elevated the offense to a level 5 felony, and McClellan agreed the prosecutor's statements were true.[2] On November 21, 2017, the court held a sentencing hearing at which McClellan and the court spoke about McClellan's addiction and sobriety and the court told her that she would be subject to imprisonment, which was another reason to continue her sobriety. The court sentenced her pursuant to the plea agreement and noted that the terms of her probation included that she not fail any drug test.

[3]     On March 21, 2018, the State filed a petition for revocation of suspended sentence and probation alleging that McClellan failed a drug screen collected on March 1, 2018, for testing positive for methamphetamine. On May 2, 2018, the State filed an amended petition for revocation of suspended sentence and probation which alleged that, in addition, McClellan failed a drug screen collected on April 26, 2018, testing positive for amphetamine and methamphetamine. On August 14, 2018, the court held a factfinding hearing. The State presented screening result reports indicating that urine collected from

---

[2] The presentence investigation report (the "PSI") stated, with respect to Cause No. 801, that McClellan had pled guilty to dealing in a controlled substance as a class B felony and was sentenced to ten years "suspended except for 2 years to be served on home detention, and she was placed on probation for 4 years." Appellant's Appendix Volume II at 77. The PSI also states that a probation violation report was filed in January 2017 due to McClellan's offense in this case and that in September 2017 she was sentenced to serve one year on home detention consecutive to her sentence in this case.

McClellan on March 1, 2018, tested positive for methamphetamine, and urine collected from her on April 26, 2018, tested positive for amphetamine and methamphetamine. McClellan's counsel elicited testimony from a therapist that McClellan was tested a total of thirteen times at the health center where the therapist worked and that those were all clean. The therapist testified that McClellan completed a substance abuse program and participated in group and individual counseling. McClellan's counsel also elicited testimony from McClellan's supervisor at work regarding her positive work performance. The court found that McClellan violated the terms of her probation.

[4] On August 27, 2018, the court held a dispositional hearing. The prosecutor asked the court to order that McClellan serve the balance of her sentence. McClellan's counsel asked that the court not order McClellan to serve time in prison and for an order that allowed her to continue the progress she had made. The court stated in part:

> [T]here's no question at least in this Court's mind, that you violated probation as alleged that you failed drug screens on those two occasions and we also have on at least one of the documents, my recollection, saying there wasn't any room for a, a false positive as was argued. I've also reviewed what [McClellan's counsel] has put forward, and also the recommendation that's set forth by probation. You know, [the prosecutor is] correct that you, you really have had some opportunities here with what happened in Randolph County; and I would tell you that while I'm going to have some consequence involved here, it's not a full revocation. What the Court's going to decide to do today is to revoke the remainder of the home detention time that you have of 149 days. The Court is also then

going to revoke 181 days of your previously suspended sentence for a revocation of 330 days. While it's still going to put you, as you testified, hugely behind, it's not as hugely behind as if you would have been fully revoked today. I'm going to allow you to continue on probation, I'm not going to extend your probation, I'm going to allow you to continue on probation because I do think that, that probation will be beneficial to you. Again, you're not going to have the same type of thumb on you that home detention placed on you, but you're still going to be required, at least the Court is advising probation that you be on the call-in program once you're released, so that we are sure that if you're going to use again, we are going to catch you. Now, you've had a lot of drug tests that have been negative since the last positive, that's also weighing in the Court's decision of what I'm doing today. And, while it's not probably what you want, it's also not what [the prosecutor] has requested that I do, but I think based upon what I've heard this is a, a just way to address the probation violation and still attempt to give you some opportunity to have some of the benefits of a system that does look to try and rehabilitate. So, that's going to be the order and decision of the Court today.

Transcript Volume III at 105-106.

## *Discussion*

[5] The issue is whether the trial court abused its discretion in reinstating a portion of McClellan's previously-suspended sentence. Ind. Code § 35-38-2-3(h) provides:

If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[6] Probation is a matter of grace left to trial court's discretion, not a right to which a criminal defendant is entitled. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012) (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id*.

[7] McClellan argues the court abused its discretion in sentencing her, a recovering drug addict, to the Department of Correction, instead of fashioning a sanction that considers her addiction. She argues that sending a relapsed addict to prison is punishing a person for exhibiting symptoms of their disease. She asserts that she had two drug screens that were positive for methamphetamine, one in March and another in April, but by August she had thirteen clean drug screens and was working and going to counseling. She contends the court had options short of incarcerating her.

[8] The State maintains that McClellan was afforded a great deal of leniency but quickly squandered the opportunity. It argues that, despite her felony drug

offenses, she was offered a favorable plea agreement and, less than four months after the court sentenced her, used methamphetamine. It also argues that the court considered McClellan's drug addiction when it accepted the plea agreement and placed her on probation in the first instance and considered the fact McClellan had already been provided substance abuse services when she violated the terms of her probation.

[9] The record reveals that, on November 21, 2017, McClellan was sentenced to three years suspended to probation and as a condition of probation placed on home detention for one year. On March 1, 2018, and again on April 26, 2018, both less than six months after sentencing, McClellan tested positive for methamphetamine. In light of the trial court's comments and the evidence before the court, we cannot say that the trial court abused its discretion in ordering that McClellan serve a portion of her previously-suspended sentence.

[10] For the foregoing reasons, we affirm the trial court's determination.

[11] Affirmed.

Bailey, J., and Bradford, J., concur.