## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2019, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D. J. Johns,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 26, 2019<br><br>Court of Appeals Case No.<br>19A-CR-304<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Ryan J. King, Judge<br><br>Trial Court Cause No.<br>69C01-1608-F3-13 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, D.J. Johns (Johns), appeals the trial court's Order, revoking his probation and imposing the balance of his previously suspended sentence.

We affirm.

# ISSUE

Johns raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by revoking the balance of his previously suspended sentence following his admission to having violated the conditions of his probation.

# FACTS AND PROCEDURAL HISTORY

On August 5, 2016, the State filed an Information, charging Johns with conspiracy to manufacture methamphetamine, a Level 3 felony. On May 5, 2017, Johns entered into a plea agreement with the State in which he agreed to plead guilty to conspiracy to manufacture methamphetamine, as a Level 4 felony. He was sentenced to eleven years, with two years executed at the Indiana Department of Correction (DOC) and nine years suspended to probation. On January 25, 2018, Johns was released from incarceration and commenced his term of probation.

On August 7, 2018, the State filed a petition to revoke Johns' probation, alleging that he had violated his probation by committing a Level 6 felony

forgery and a Class A misdemeanor theft. On September 7, 2018, the State filed an amended petition for probation revocation to include an allegation that Johns had committed a Level 6 felony auto theft and a Class B misdemeanor unauthorized entry of a motor vehicle.

[6] On January 9, 2019, Johns admitted to the allegations contained in the State's amended petition. Finding Johns in violation of the terms of his probation, the trial court revoked the remaining nine years of his previously suspended sentence and sentenced him to the DOC.

[7] Johns now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[8] Johns contends that the trial court abused its discretion by revoking his probation and imposing the balance of his previously suspended sentence. Pointing to his lack of opportunity for drug rehabilitation and his young age, Johns requests this court for leniency and to refer him to Purposeful Incarceration.

[9] "Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if these conditions are violated. *Id*. We review the appeal from a trial court's probation determination and sanction for an abuse of discretion. *See id*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Smith v.*

*State*, 963 N.E.2d 1110, 1112 (Ind. 2012). A probation hearing is civil in nature and the State need only prove the alleged violation by a preponderance of the evidence. *Id.*

[10] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition has actually occurred. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* However, where, as here, a probationer admits to the violations, the trial court can proceed immediately to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* In determining whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *See id.* Once a violation has been found and revocation of probation is warranted, the trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* Ind. Code § 35-38-2-3(h).

[11] Johns conceded that he violated his probation by committing two new felonies. He forged a check to "get money and use it to get drugs." (Transcript p. 15). He also admitted to a Level 6 felony auto theft because "in Marion County, you can get up to five hundred dollars [] per car. Which is more money and in turn

go get high." (Tr. p. 16). Despite these admissions, Johns now maintains that he is deserving of a less severe sanction and requests the opportunity for Purposeful Incarceration "to give him the skills by which he might face his drug addiction and earn a modification with the tools learned in the program." (Appellant's Br. p. 10). He suggests that "[l]ittle benefit could inure to [him] by placing him in the [DOC] for nine years without an avenue through which to address his addiction." (Appellant's Br. p. 10).

[12]     Johns received a great deal of leniency in his original sentence. Despite being charged with a Level 3 felony, Johns reached a plea agreement for a Level 4 felony. During sentencing, the trial court considered the mitigating circumstance that he was only twenty-years old and imposed an eleven-year sentence of which only two years were ordered executed. During the probation revocation hearing, Johns testified that during his six months on probation, he spent at least one hundred dollars daily on controlled substances, varying from heroin, methamphetamines, ecstasy, to alcohol and Xanax. Despite the fact that he did not participate in rehabilitation services while incarcerated, he conceded that he never asked probation for help to conquer his drug addictions and did not get "value out of probation." (Tr. p. 25). Accordingly, Johns never lacked the opportunity for rehabilitation; rather, he failed to take advantage of the opportunity when it was available to him. In light of the evidence before us, we cannot conclude that the trial court abused its discretion in revoking Johns' probation.

# CONCLUSION

[13] Based on the foregoing, we conclude that the trial court properly revoked the balance of Johns' previously suspended sentence.

[14] Affirmed.

[15] Bailey, J. and Pyle, J. concur