## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 14 2020, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vickie Beasley, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 14, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2663 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable Paul E. Singleton, <br> Magistrate <br><br> Trial Court Cause No. <br> 71D06-1907-CM-2592 |

**Crone, Judge.**

## Case Summary

Vickie Beasley appeals her conviction, following a bench trial, for class B misdemeanor battery. She contends that the State presented insufficient evidence to support her conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

On June 12, 2019, Taquanya Suggs was working the front desk at University Meadows Family Dentistry in Mishawaka. The office was closed to patients that day because no doctors were available to cover appointments; however, Suggs and other staff members were at the office performing administrative duties.

That day, Beasley entered the office with her grandchildren. Suggs informed Beasley that the grandchildren's appointments had been cancelled and indicated that she had personally spoken with Beasley the day before to cancel those appointments. Beasley became "hostile" and started "cussing at" Suggs and calling her "a liar." Tr. Vol. 2 at 14-15. Beasley then grabbed the pen holder and envelope holder on the front of Suggs's desk and threw them at Suggs and an extern who was seated nearby. Suggs was able to "dodge[]" the envelope holder, but the pen holder "hit [her] physically." *Id*. at 16. Beasley told Suggs to "stop lying" and left the office. *Id*. at 17.

The State charged Beasley with class A misdemeanor battery. A bench trial was held on November 6, 2019. At the start of trial, the State made an oral motion to add a charge for class B misdemeanor battery, and to dismiss the

class A misdemeanor charge. The trial court granted the motion. Trial proceeded, at the conclusion of which the court found Beasley guilty of class B misdemeanor battery. The court imposed no sentence other than ordering Beasley to pay court costs.[1] This appeal ensued.

## Discussion and Decision

Beasley challenges the sufficiency of the evidence supporting her conviction. When reviewing a sufficiency claim, we consider only the probative evidence and the reasonable inferences supporting the judgment. *Keith v. State*, 127 N.E.3d 1221, 1228 (Ind. Ct. App. 2019). "It is not our role as an appellate court to assess witness credibility or to weigh the evidence." *Id*. "We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*.

To convict Beasley of class B misdemeanor battery, the State was required to prove that she knowingly or intentionally touched Suggs in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(c). Beasley challenges only the State's proof that she touched Suggs knowingly.

A person engages in conduct "knowingly" if, when she engages in the conduct, she is aware of a high probability that she is doing so. Ind. Code § 35-41-2-2(b). "Because knowledge is a mental state of the actor, it may be proved by

---

[1] The court stayed collection of the court costs until November 6, 2020. Appealed Order at 2.

circumstantial evidence and inferred from the circumstances and facts of each case." *Smith v. State*, 963 N.E.2d 1110, 1113 (Ind. 2012). In other words, "[i]ntent can be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points." *Phipps v. State*, 90 N.E.3d 1190, 1195-96 (Ind. 2018) (citation omitted).

[8] Here, Suggs testified that Beasley became hostile and then grabbed items from the desk and threw them at her. One of the items struck Suggs. In assessing Beasley's conduct, and the natural and usual sequence to which such conduct points, a reasonable trier of fact could infer that Beasley was aware of a high probability that she would strike Suggs upon throwing the items. Beasley's suggestions to the contrary are simply requests for this Court to reweigh the evidence and reassess witness credibility on appeal, and we will not. The State presented sufficient evidence to support Beasley's conviction for class B misdemeanor battery.

[9] Affirmed.

Bailey, J., and Altice, J., concur.